2 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Luciano VERA, Defendant-Appellant.
 No. 92-10629.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1993.*
Decided July 8, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Luis Luciano Vera appeals his 78-month sentence following entry of a guilty plea for possession with intent to distribute cocaine and aiding and abetting in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Vera contends that the district court erred by adjusting his base offense level upward by two levels under U.S.S.G. Sec. 3C1.2 for reckless endangerment during flight. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo the district court's application of the Guidelines. United States v. Madera-Gallegos, 945 F.2d 264, 266 (9th Cir.1991). We review for clear error the district court's underlying factual findings. Id.
 
 
 4
 Section 3C1.2 provides for a two level upward adjustment in the base offense level "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. Sec. 3C1.2; United States v. Hernandez-Rodriguez, 975 F.2d 622, 626-27 (9th Cir.1992). A defendant's actions constitute reckless behavior as defined by the Guidelines where he was aware of but disregarded the risk created by his conduct and " 'the risk was of such a nature and degree that to disregard that risk constituted a gross deviation' from a reasonable standard of care." Hernandez-Rodriguez, 975 F.2d at 627 (quoting U.S.S.G. Sec. 2A1.4, comment. (n. 1)). The government must prove factors enhancing a sentence by a preponderance of the evidence. United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991) (en banc).
 
 
 5
 Here, Vera sold cocaine to an undercover police officer and a confidential informant ("CI") in a parking lot. The government submitted the declarations of Sacramento police officers Patrick Dowden and William A. Beermann which stated that: they were part of a Special Weapons and Tactics ("SWAT") Team surveilling the cocaine sale; an undercover officer gave a signal to arrest Vera; they approached Vera's vehicle and loudly identified themselves as police officers; Vera accelerated backward towards Beermann in an attempt to hit him; Beermann and another member of the SWAT Team fired at Vera's car; and Vera fled the parking lot. Vera submitted a declaration which stated that he fled the parking lot because he believed the undercover officer and the CI were attempting to rob him and that he neither saw nor heard anyone other than the undercover officer and the CI in the parking lot.
 
 
 6
 The district court determined that Vera fled from the police officers and that he attempted to run them over in the course of fleeing. This finding was not clearly erroneous. See United States v. Vasquez, 858 F.2d 1387, 1391 (9th Cir.1988) ("Credibility determinations ... are matters left to the trier of fact."), cert. denied, 488 U.S. 1034 and 489 U.S. 1029 (1989). Vera's actions clearly constituted reckless behavior as defined by the Guidelines. See Hernandez-Rodriguez, 975 F.2d at 627. Accordingly, the district court did not err by adjusting Vera's base offense level under section 3Cl.2. See U.S.S.G. Sec. 3C1.2; Hernandez-Rodriguez, 975 F.2d at 627.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3